FIELD et al. v. THOMAS et al.

(*Circuit Court, D. Rhode Island. January 17, 1891.*)

1. PATENTS FOR INVENTIONS—SAFETY-PINS—ANTICIPATION.
  Letters patent No. 236,149, granted January 4, 1881, to Henry C. Field for an improvement in safety-pins, consisting of a guide to prevent the pin from passing through the shield, was not anticipated by any prior device, and the improvement was patentable.

2. SAME—INFRINGEMENT.
  A safety-pin with a guide differing only in form is an infringement.

In Equity.
*Wilmarth H. Thurston*, for complainants.
*Edwin H. Brown*, for defendants.

COLT, J. This is a suit brought for infringement of letters patent No. 236,149, dated January 4, 1881, granted to Henry C. Field for an improvement in safety-pins. The Field improvement consists in providing the head or shield with a guide. The claim is as follows: "In a safety-pin consisting of a pin provided with a shield to protect its point, the guide, C, substantially as shown, and for the purpose specified." The defenses relied upon are anticipation and non-infringement. The prior art does not disclose any shield with a guide like Field's. It must be admitted, however, that the improvement covered by the Field patent is a narrow one, but I think the device was an improvement over what existed before, and that it was patentable. Safety-pins with shields open on one side and on both sides existed before. The object of the Field device was to prevent the point of the pin passing through a shield which is open on both sides, and this is done by means of the guide. This is not shown in any prior device. The pin described in the Johnson patent of November 2, 1858, does not contain the Field guide, and it appears that the Johnson pin never went into use. The organization of the Johnson pin is quite different from the one in suit. Holding the Field patent to be valid, I think the defendants' pin is clearly within the patent. There is nothing in the patent which limits the claim to the precise form of guide shown. In the Field device, the guide is made integral with the shield, and this is not true of defendants' pin. But this is a mere change of form, therefore the defendants' pin infringes the Field patent.

Decree for complainants.